**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1364
_____

LEONARD PATRICK,
                                        Appellant

v.

WERNER ENTERPRISES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-00108)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 9, 2018

Before: SHWARTZ, KRAUSE and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 13, 2018)
_____

OPINION*
_____

PER CURIAM

    Leonard Patrick appeals from the judgement of the District Court.  We will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In March 2016, Patrick filed an amended complaint in the United States District Court for the Middle District of Pennsylvania against Werner Enterprises ("Werner"), asserting claims for same-sex harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Patrick alleges that while he was employed as a truck driver with Werner, he was sexually harassed on the basis of his gender by his driving trainer, David Tompkins. Specifically, Patrick claims that Tompkins told him on one occasion that his lisp made him sound gay, showed him nude photos of women on his phone, and sexually assaulted him. Regarding the sexual assault, Patrick contends that on June 1, 2013, while he and Tompkins were nearing the end of their route, Tompkins insisted on making a stop to wash his clothes. While Tompkins laundered his clothing at a truck stop, Patrick went to the sleeping quarters in the vehicle and attempted to sleep. Shortly thereafter, Tompkins entered the truck, woke up Patrick, and asked him to move from the lower bunk to the upper bunk. Patrick claims that he refused to move, and Tompkins then removed his clothing and climbed into the bunk where Patrick was lying and rubbed his body against him. Patrick pushed Tompkins away and immediately contacted a Werner dispatcher to report the incident. Patrick claims that he told the dispatcher that he would not return to the truck and ride with Tompkins. He took a cab to a nearby train station and traveled home.

Subsequently, Patrick spoke with a safety specialist from Werner and prepared a statement about the incident, followed by a conference call with several of Werner's supervisory and human resources personnel. Patrick claims that after he reported

2

Tompkins' conduct, he received lower paying, less desirable jobs, and was removed from a driving assignment purportedly due to a reduction in force. Patrick alleges that he was then terminated and told to return his truck and keys.

Werner filed an answer to Patrick's amended complaint, and the parties engaged in discovery. In July 2017, Patrick filed a "Memorandum," which consisted primarily of a list of exhibits along with the accompanying documents. Because there was no motion pending, the District Court ordered the documents stricken from the record, but noted that Patrick could file another memorandum and exhibits at the appropriate time – either in opposition to a motion filed by Werner or in support of his own motion. The District Court denied Patrick's subsequent motion for reconsideration.

In August 2017, Werner filed a motion for summary judgment, arguing that it was not a proper defendant because it was not Patrick's employer, and that Patrick had failed to set forth prima facie claims of sexual harassment and retaliation. The Magistrate Judge ordered Patrick to file, on or before September 5, 2017, a brief in opposition to Werner's motion,[1] which Patrick failed to do. In December 2017, the Magistrate Judge recommended that the motion be granted as the undisputed facts showed that Werner was not Patrick's employer and that Patrick was not subjected to sexual harassment or retaliation after he complained of Tompkins' conduct. Patrick did not file any objections

---

[1] The Magistrate Judge noted that unlike his previous "Memorandum," Patrick's brief should "respond to the arguments raised in [Werner's] brief in support . . . [and] cite to record evidence supporting any denial of [Werner's] statements of material fact." See Dist. Ct. Dkt. 98 at 2. The Magistrate Judge warned that if Patrick failed to deny a material fact set forth in Werner's statement of material facts or failed to cite to record evidence to support a denial of a material fact, the fact would be deemed admitted.

to the Magistrate Judge's report and, on February 16, 2018, the District Court adopted the Magistrate Judge's recommendations. Patrick appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision granting summary judgment. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To establish a prima facie Title VII claim, a plaintiff "must allege an employment relationship with the defendant[]." Covington v. Int'l Ass'n of Approve Basketball Officials, 710 F.3d 114, 119 (3d Cir. 2013). A parent corporation will be held responsible as an employer under Title VII only where it and the subsidiary are "so interrelated and integrated in their activities, labor relations and management" that we should pierce the corporate veil. Marzano v. Computer Sci. Corp., 91 F.3d 497, 514 (3d Cir. 1996) (citation omitted). The relationship between the parent and the subsidiary must be one where the subsidiary is the "mere instrumentality of the parent corporation." Id. at 513. Here, the undisputed record shows that Patrick was hired on April 3, 2013, by Drivers Management, LLC ("DM"). While DM is a wholly owned subsidiary of Gra-Gar, LLC, which is a wholly owned subsidiary of Werner, DM alone paid Patrick's wages and provided his paychecks. Patrick does not dispute that Werner is not a proper defendant, nor does he claim that Werner and DM shared common management, ownership, or financial management. Because Patrick failed to set forth facts showing

4

that there is a genuine issue for trial regarding Werner's status as his employer, the District Court properly granted summary judgment in favor of Werner.

In his appellate brief, Patrick essentially makes two arguments in support of his appeal, but neither one has any bearing on the dispositive question whether Werner was his employer. First, he claims that he was not provided certain discovery regarding the existence of a "Student Driver Manager ("SDM")/Dispatch Operator," to whom he complained about the alleged incident. This claim is meritless as Werner has identified only one SDM/Dispatch Operator involved in the incident, Cory Morris, whose name Werner provided to Patrick. Moreover, by Order dated July 7, 2017, the District Court found the Werner had produced all relevant discovery for the case. Second, Patrick claims that he was precluded by the District Court from producing a response to Werner's summary judgment motion. This claim is equally unpersuasive as the Magistrate Judge, mindful of Patrick's pro se status, explicitly instructed him as to when to respond to Werner's motion, the manner in which he was required to respond, and the consequences for failing to do so. Despite this clear instruction, Patrick failed to respond to Werner's summary judgment motion or later object to the Magistrate Judge's report and recommendation.

Patrick does not appear to address the merits of his sexual harassment and retaliation claims in his appellate brief, but states simply that Werner's "witness gave false statement."[2] Nevertheless, we agree with the District Court that even if Werner

---

[2] In his reply brief, Patrick asserts only that "there was an issue between Trainer and Plaintiff." He also claims for the first time that "he was given unfair loads and miles."

were a proper defendant, Patrick has failed to state prima facie claims of sexual harassment and retaliation.[3]

For the foregoing reasons, we will affirm the District Court's judgment.

---

We need address only arguments that Patrick raised in his opening brief. See United States v. Jackson, 849 F.3d 540, 555 n.13 (3d Cir. 2017).

[3]Although it is unclear, Patrick also appeared to claim that he was subject to a hostile work environment based on sexual harassment. The District Court did not address this claim, but it must fail because he cannot establish that he was discriminated against because of his sex. See Mandel v. M & Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013). Nor has he demonstrated that the three minor discrete incidents that he was exposed to were severe or pervasive. See Andrews v. City of Phila., 895 F.2d 1469, 1484 (3d Cir. 1990) (holding that "harassment is pervasive when 'incidents of harassment occur either in concert or with regularity'") (citation omitted); see also Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.") (citation and quotation marks omitted).